UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FILED
2013 MAR -7 PM 12: 44

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 6:13-cv-187-ORL-JAKRS |
| RICHARD R. BAKER, | ) |
| Defendant. | ) |

### DEFENDANT RICHARD R. BAKER'S ANSWER TO COMPLAINT

COMES NOW the Defendant, RICHARD R. BAKER, by and through undersigned counsel and hereby Answers the allegations in Plaintiff's Complaint and would state as follows:

### JURISDICTION

1. Admitted.

2. Admitted.

3. Denied in part, Admitted in part. Defendant admits to borrowing certain amounts for school purposes; however, Defendant disputes the amounts stated herein and requests strict proof thereon, including proof of ownership and a detailed breakdown of accumulated interest and other collection charges.

4. Denied in part, Admitted in part. Defendant admits to borrowing certain amounts for school purposes; however, Defendant disputes the amounts stated herein and requests strict proof thereon including proof of ownership and a detailed breakdown of

accumulated interest and other collection charges.

5. Denied in part, Admitted in part. Defendant admits to borrowing certain amounts for school purposes; however, Defendant disputes the amounts stated herein and requests strict proof thereon including proof of ownership and a detailed breakdown of accumulated interest and other collection charges.

## FAILURE TO PAY

6. Denied. Defendant has not ever refused to pay and has not neglected to pay. When first graduating from law school in 1992, Defendant attempted to begin payments but was immediately thrust into collection and despite repeated correspondence and requests for help, Defendant has never received any assistance or cooperation from the lender or guarantor. Defendant has never been given the opportunity to rehabilitate the student loans in question and has been treated unfairly in his attempts to make payments on these loans.

WHEREFORE, Defendant prays this Honorable Court refuse Judgment to Plaintiff and Order Plaintiff to offer Defendant loan rehabilitation options and proof of the debt alleged.

## AFFIRMATIVE DEFENSES
## PREDATORY LOAN SERVICING

7. At all times, Defendant has expressed his willingness to repay student loans borrowed and realizes he must do so to the actual owner of the loans.

8. Almost immediately upon payments beginning in 1992, Defendant was thrust into collection and told that all sums were due immediately.

9. When Defendant explained that this was an impossibility, Defendant was ignored and no reasonable rehabilitation options were ever offered to Defendant.

10. Despite continuous correspondence and efforts to reach out to resolve this issue, Defendant was met with complete and utter indifference and/or aggressive collection efforts by Plaintiff and/or their predecessor with the ultimatum of demanding nothing less than the full balance lump sum, knowing this was impossible for Defendant.

11. Defendant continuously requested the U.S. Department of Education and various collection agents for some type of loan rehabilitation but was outright refused and/or completely ignored.

12. As a result of Plaintiff's refusal to work in good faith with Defendant, the matter has been at a standstill for years.

13. Defendant stopped receiving correspondence and collection calls and efforts in this matter over 15 years ago.

14. Approximately 6 months ago, Defendant personally discussed the matters herein with U.S.A.'s undersigned legal counsel in this case, Steven B. Davis of Becker and Poliakoff to discuss options to resolve the matter.

15. Mr. Davis stated that to Defendant that "NO REHABILITATION PROGRAMS WERE AVAILABLE" to Defendant and that Defendant should make a lump sum offer to settle the matter.

16. Defendant again asked Mr. Davis to please assist him with efforts to rehabilitate the student loans in question and again, Mr. Davis stated that Defendant had "NO OPTIONS" and that none of the programs available to help other student borrowers were available to Defendant, without further explanation.

17. Plaintiff and their legal counsel's actions are in bad faith, are predatory in nature and have effectively denied Defendant the mechanism to resume payments and to resolve the debts alleged herein, subject to strict proof thereon.

18. Accordingly, Plaintiff should be ordered to offer Defendant repayment alternatives to atone for their predatory loan servicing and their bad faith conduct.

19. Defendant has always confirmed and conveyed his willingness to repay whatever student loan amounts are truly owed in amounts affordable on an ongoing basis.

WHEREFORE, Defendant prays to this Honorable Court to:

a. Deny Plaintiff Judgment in this case;

b. Require Plaintiff to produce the original loan documents and a detailed breakdown of the amounts sought by Plaintiff;

c. Upon strict proof of the Debt, to offer Defendant repayment options available to other student loan borrowers under numerous federal programs now available;

d. Deny Plaintiff all relief requested herein.

e. Award Defendant his reasonable attorney's fees and costs; and

f. Grant Defendant any other relief the Court may deem just and proper.

Dated this 5th day of March, 2013.

Respectfully submitted,

*/s/ Joseph K. Birch*
Joseph K. Birch, Esquire
Florida Bar Number: 912565
Attorney for Defendant
BAKER & BIRCH, PLLC

37 N. Orange Avenue, Suite 500
Orlando, Florida 32801
Telephone: (407) 647-8833
Fax: (407) 671-5679
Email: rrborl@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing is a true and correct copy of the Answer of Defendant Richard R. Baker to the Plaintiff's Complaint and was served by U.S. Mail First Class and email this 6th day of March, 2013 to Plaintiff, U.S.A. c/o of their Attorney: Steven M. Davis, Esquire, Becker & Poliakoff, P.A., 121 Alhambra Plaza, 10th Floor, Coral Gables, Florida 33134, sdavis@becker-poliakoff.com.

/s/ Joseph K. Birch
Joseph K. Birch, Esquire