UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                       Case No:  6:13-cv-187-Orl-28KRS

**RICHARD R. BAKER,**

    **Defendant.**
_____/

## ORDER

    This suit to recover on student loan promissory notes is before the Court on Plaintiff's Motion for Summary Judgment. (Doc. 10). Defendant, Richard Baker, took out three student loans that the United States Department of Education insured. Plaintiff has established through sworn affidavits the existence of Defendant's notes, Defendant's default, and the amount due under the notes. (See Mot. Summ. J., Exs. A-C). Defendant has not responded to Plaintiff's Motion for Summary Judgment, and the time to respond has passed. Upon the Court's Order, Plaintiff has filed a Statement of Additional Interest detailing Defendant's current balance on his loans. (Doc. 14).

    Having considered the relevant documents, the Court finds that Defendant is indebted to Plaintiff in the amount of $140,210.75 as of September 9, 2013. This includes a principal amount of $57,768.46 and an interest amount through September 9, 2013, of $82,442.29. Plaintiff has also requested a fee service charge per 28 U.S.C. § 1921 of $35.00 and a debt collection surcharge of 10% pursuant to 28 U.S.C. § 3011. The Court finds the fee service charge to be justified. However, the Court finds that the

Plaintiff has not established entitlement to the debt collection surcharge. As another judge in this Court recently noted:

> "Under the plain language of § 3011, the government is not entitled to the surcharge as of the date of judgment. Instead, the provision permits recovery of the surcharge only when the government has either sought prejudgment remedies of attachment, receivership, garnishment or sequestration governed under subchapter B, or engaged in post judgment enforcement proceedings under subchapter C of the [Federal Debt Collection Procedures] Act."

United States v. Alvarado, No. 6:13-cv-452-Orl-31DAB, 2013 WL 2371281, at *2 (M.D. Fla. May 30, 2013) (quoting United States v. Lyon, No. Civ S-10-2549 GEB, 2011 WL 2226308 at *4-5 (E.D. Cal. June 7, 2011), adopted by 2011 WL 2909936 (E.D. Cal. July 14, 2011)); see also United States v. Rostoff, 164. F.3d 63, 73 n.14 (1st Cir. 1999) ("Notwithstanding the numerous cases where the surcharge has been added to the judgment without analysis where neither pre nor post-judgment remedies were sought, we agree with the Tenth Circuit that by the plain language of the statute 'a surcharge pursuant to § 3011 is not available in an action to obtain a judgment on a debt, but is instead limited to prejudgment and postjudgment actions or proceedings.'" (citations omitted)).

As in Alvarado, the Plaintiff presents no argument for the application of the debt collection surcharge in this case. Thus, the surcharge is not recoverable here, and the total amount owed by Defendant is $140,245.75, plus post-judgment interest.

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Summary Judgment (Doc. 10) is **GRANTED IN PART AND DENIED IN PART,** as set forth herein.

2. The Clerk is directed to enter a judgment providing that Plaintiff shall recover from Defendant the sum of $140,245.75, which shall accrue post-judgment interest at the statutory rate and for which execution shall issue.

3. After entry of judgment, the Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida on September 9, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties